UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.

PALM BEACH MARITIME FOUNDATION,
INC., a Maryland not-for-profit corporation,

       Plaintiff,

v.

RSUI INDEMNITY COMPANY,
a Georgia Corporation.

       Defendant.

_____/

## NOTICE OF REMOVAL

      Defendant, RSUI INDEMNITY COMPANY ("RSUI"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1441 and § 1446, hereby files its Notice of Removal, and in support thereof states as follows:

## STATEMENT OF GROUNDS FOR REMOVAL

      Pursuant to 28 U.S.C. § 1446, a short and plain statement of the grounds for removal must accompany any notice of removal.  This action is properly removed because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Specifically, as confirmed by the allegations of the Complaint, Plaintiff, Palm Beach Maritime Foundation, Inc. ("Foundation"), is a citizen of the state of Maryland (where it is incorporated)[1] and Florida (where it has its principal place of business).[2] Defendant, RSUI, is a Georgia corporation,[3] with

---

[1] *See* Complaint, ¶ 2, a copy of which is attached hereto as part of Composite Exhibit A.
[2] *See* Complaint, ¶ 3.
[3] *See* Complaint, ¶ 4.

its principal place of business in Georgia.[4] Thus, the requirement of 28 U.S.C. § 1332(a)(1) that the parties be citizens of different states has been met.

In its Complaint (in this case), Foundation seeks declaratory relief and damages as a result of RSUI's denial of coverage for a claim relating to a lawsuit between Foundation and Palm Beach Maritime Museum, Inc. ("Museum") (styled *Palm Beach Maritime, Foundation, Inc. v. Palm Beach Maritime Museum, Inc., et. al*., Palm Beach County Circuit Court, Case No. 502015CA008664XXXXMB) (hereinafter, the "Underlying Case"). Specifically, Foundation alleges that there was a relationship between Foundation and Museum designed to comply with IRS regulations on "supporting organizations," which relationship "primarily provided for 'Foundation' to select board members of 'Museum.'"[5] Disputes arose concerning Foundation's rights to select board members of Museum, and Foundation filed the Underlying Case, alleging corporate usurpation and other related counts.[6] In response, Museum (and several individuals) filed a counterclaim against Foundation for a money judgment related to Foundation's exercise of its rights as the sole member of Museum (i.e., the right to select directors) (hereinafter, the "Underlying Counterclaim")[7]. In this action, Foundation seeks, *inter alia*, money damages against RSUI for breach of contract for "failing to defend and indemnify" Foundation relating to the Underlying Counterclaim.[8]

In the "Jurisdiction and Venue" section of the Underlying Counterclaim, Museum alleged that damages against Foundation exceeded the state court minimum jurisdictional

---

[4] *See* Complaint, ¶ 4.
[5] *See* Complaint, ¶ 11.
[6] *See* Complaint, ¶ 16.
[7] *See* Complaint, Exhibit "D."
[8] *See* Complaint, ¶ 39.

- 2 –

amount of $15,000.00.[9] However, the substantive factual allegations of the Underlying Counterclaim reflect that the actual damages sought are substantially higher. For example, Museum alleged that the actions of the Foundation caused problems with the restructuring of revenue bonds.[10] As a result, it is alleged that "… [Museum] will not receive over $1 million dollars in funds from the bondholders that it needed to purchase technology, other important equipment, and repairs to the leasehold facility for the academy."[11] Museum also alleged that Foundation breached a Management Agreement between the parties and that demand was made "for the return of $326,647.00 paid to the Foundation for services not provided."[12] In light of these allegations, and Foundation's claims for indemnification for such damages in this case, there can be no doubt that there is more than $75,000.00 in controversy, exclusive of interest and costs.

## BACKGROUND

1.      Foundation filed this action on April 8, 2016, in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, where it was assigned case number 502016CA003920XXXXMB. RSUI was served on April 20, 2016.

2.      The procedure for removal of actions from state courts is set forth in 28 U.S.C. § 1446, which provides that a notice of removal must be filed within thirty (30) days after receipt of the pleading being removed.  Accordingly, the deadline for filing this Notice of Removal is May 20, 2016.  This Notice of Removal is being timely filed in compliance with this deadline. *See Sands Point Ocean Resort and Cond. Assoc., Inc. v. QBE Ins. Corp.*, No. 07-21329, 2007

---

[9] Underlying Counterclaim, ¶ 20.
[10] Underlying Counterclaim, ¶ 88.
[11] Underlying Counterclaim, ¶ 90.
[12] Underlying Counterclaim, ¶ 154.

- 3 –

WL 1805795 (S.D. Fla. June 22, 2007) (the thirty-day period for removal begins to run from the date that the defendant or its designated agent actually receives the summons and complaint).

3.      Palm Beach County is within the jurisdictional limits of this Court.  28 U.S.C. § 89(c).

4.      Venue in this Court is proper because it is "the district court of the United States for the district and division within which such action is pending."  *See* 28 U.S.C. § 1446(a).  In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the state court action are attached hereto and made apart hereof as Composite Exhibit A.

5.      Promptly after filing of this Notice of Removal, the undersigned will serve a notice of filing of removal upon Plaintiff and file such notice with the Clerk of the Circuit Court of Palm Beach County as required by 28 U.S.C. § 1446(d).

6.      The grounds for removal and reasons that removal is appropriate are set forth herein in accordance with 28 U.S.C. § 1446(a).

### THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

7.      A state court action may be removed to a United States District Court where such District Court has original jurisdiction.  *See* 28 U.S.C. § 1441.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, which provides in pertinent part:

    (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

        (1) citizens of different States

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800  Fax: (305) 530-0801

28 U.S.C. § 1332(a)(1).  Thus, jurisdiction in this Court is proper if: 1) the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00); and 2) this action is between citizens of different states (*i.e.*, complete diversity).

**A.      The Amount in Controversy Exceeds $75,000.00.**

8.       "Removal is proper if it is 'facially apparent' from the complaint that the amount in controversy has been met."  *E.S.Y., Inc. v. Scottsdale Ins. Co.*, No. 15–21349–CV, 2015 WL 6561415, *2 (S.D. Fla., June 30, 2015) (citation omitted).

9.       Here, it is apparent from the Complaint in this action (including the attached Underlying Counterclaim) that the amount in controversy exceeds $75,000.00.

10.      In this action, Foundation asserts claims against RSUI for declaratory and monetary relief for the alleged failure to defend and indemnify Foundation from the damages sought against it in the Underlying Counterclaim. As discussed above, those damages are alleged to  include, *inter alia*, over $1 million dollars in lost financing from bondholders, and the return of $326,647.00 paid to the Foundation for services not provided under a Management Agreement between the parties. Accordingly, it is facially apparent from the pleadings that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for diversity jurisdiction.

**B.      This Action Is Between Citizens of Different States.**

11.      In order for diversity jurisdiction to exist, there must be complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). In this action, the citizenship of the parties is completely diverse.

12.      28 U.S.C. § 1332(c)(1) provides that a corporation shall be deemed to be a citizen of every state "by which it has been incorporated" and "where it has its principal place of

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800  Fax: (305) 530-0801

business." As discussed above, it is apparent from the face of the Complaint that Foundation is a citizen of the state of Maryland (where it is incorporated) and Florida (where it has its principal place of business). Likewise, RSUI is a citizen of Georgia, where it is incorporated and has its principal place of business, as also confirmed in the Complaint. Accordingly, complete diversity exists in accordance with 28 U.S.C. § 1332(a).

## DEFENDANT HAS COMPLIED WITH THE
## STATUTORILY REQUIRED PROCEDURE FOR REMOVAL

This Notice of Removal sets forth the grounds on which removal is sought, specifically citing the federal statute upon which original jurisdiction is premised and the factual support for that jurisdiction. Accordingly, RSUI has complied with the provisions of 28 U.S.C. § 1446, which dictates that a short and plain statement of the grounds for removal accompany any notice of removal. In addition, this Notice has annexed to it as Exhibit A, a copy of the state court file, which constitutes all process, pleadings and orders that are within the custody or control of RSUI.

## CONCLUSION

RSUI has fully complied with the requirements of 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure that govern removal from state court. This Court has original jurisdiction over this matter on the grounds that it is a civil action with an amount in controversy exceeding $75,000.00 and between citizens of different states. Accordingly, RSUI respectfully asserts that the United States District Court for the Southern District of Florida should take jurisdiction over this matter. Notice of the filing of this Notice of Removal will be promptly given to the State of Florida Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800  Fax: (305) 530-0801

**WHEREFORE**, Defendant, RSUI INDEMNITY COMPANY, respectfully requests that this action, pending in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, be removed to the United States District Court for the Southern District of Florida, Palm Beach Division.

Dated: May 18th, 2016.

Respectfully submitted,

**KAPLAN ZEENA LLP**
*Attorneys for RSUI Indemnity Co.*
2 South Biscayne Blvd.
One Biscayne Tower, Suite 3050
Miami, FL  33131
Tel:   305-530-0800
Fax:  305-530-0801

By: */s/Steven A. Colsky*
JAMES M. KAPLAN
Florida Bar No. 921040
James.Kaplan@kaplanzeena.com
Susan.Clark@kaplanzeena.com
STEVEN A. COLSKY
Florida Bar No. 0055996
Donna.Sek@kaplanzeena.com
Carmen.Stewart@kaplanzeena.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via e-portal on this 18th day of May, 2016 to the parties on the attached service list.

By: */s/ Steven A. Colsky*
STEVEN A. COLSKY

## **SERVICE LIST**

Angelo A. Gasparri, Esq.
Debt Relief Law Florida
1080 S. Federal Highway
Boynton Beach, FL 33435
Tel: 561-826-8986
angelo@drlclaw.com

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800  Fax: (305) 530-0801